144 P.3d 579

**Carl Ray WILLIAMSON, Jr., as the Personal Representative of the Estate of Carl Ray Williamson, Sr., Plaintiff–Appellant**

**v.**

**Mildred Christine WILLIAMSON, formerly known as Mildred Christine Fowler and Mildred Christine Duckett, Defendant–Appellee.**

**No. 27397.**

Intermediate Court of Appeals of Hawai'i.

June 23, 2006.

Harlan Y. Kimura, on the briefs, Honolulu, for Plaintiff–Appellant.

Stephanie A. Rezents, and Thomas E. Crowley, III, Honolulu (Rezents & Crowley, LLP), on the briefs, for Defendant–Appellee.

BURNS, C.J., WATANABE and FUJISE, JJ.

Opinion of the Court by BURNS, C.J.

Plaintiff–Appellant Carl Williamson, Jr. (Appellant), as the personal representative of the estate of his deceased father, Carl Williamson, Sr. (Carl Sr.), as appointed by the Probate Division of the Circuit Court of Jackson County, Missouri, appeals from the July 5, 2005 Final Judgment that was entered in the Circuit Court of the First Circuit[1] dismissing his complaint. We affirm.

1. The Honorable Sabrina S. McKenna presided.

## BACKGROUND

Carl Sr., born on June 14, 1945, and Defendant–Appellee Mildred Williamson (Mildred), born on May 26, 1943, were married in Honolulu, Hawai'i, on February 6, 1995. Carl Sr. died on April 5, 2001. Appellant was appointed personal representative of Carl Sr.'s estate on February 5, 2004.

On April 18, 2005, in the First Circuit Court[2], Appellant filed a complaint seeking a judgment declaring the February 6, 1995 marriage between Carl Sr. and Mildred void because (1) Mildred, in the February 6, 1995 Marriage License Application to the State of Hawai'i Department of Health, erroneously reported that (a) it was her third marriage when, in fact, it was her fourth marriage, and (b) her prior marriage ended in June of 1980 when, in fact, it ended on July 13, 1983; (2) these were material misrepresentations; (3) Mildred made these material misrepresentations for the purpose of inducing Carl Sr. to enter into, and consent to, the marriage; (4) Carl Sr. would not have consented to the marriage had he known the truth; and (5) had the parties not married, "[Mildred] would not be considered the surviving spouse of [Carl Sr.], and therefore, could not make the claims and allegations being put forth by her presently in the Probate Proceedings" "in Case No. 44536, In the Circuit Court of Jackson County, Missouri Probate Division at Independence, commenced on March 5, 2003". Appellant's complaint also sought attorney fees and costs.

On May 9, 2005, Mildred, a resident of Independence, Missouri, filed a motion to dismiss. In the June 22, 2005 order, the circuit court concluded that it did not have subject matter jurisdiction to adjudicate the complaint and granted Mildred's motion. The July 5, 2005 Final Judgment followed.

On July 8, 2005, Appellant filed a notice of appeal. This case was assigned to this court on December 29, 2005.

---

**2.** The following parts of the Hawaii Revised Statutes (1993 and Supp.2005) explain the difference between the "circuit court" and the "family court":

**§ 571–3  Family courts, divisions of circuit courts.** The family courts shall be divisions of the circuit courts of the State and shall not be deemed to be other courts as that term is used in the State Constitution. A family court shall be held at the courthouse in each circuit, or other duly designated place, by the judge or judges of the respective family courts as herein defined.... In any case in which it has jurisdiction the court shall exercise general equity powers as authorized by law.

**§ 571–4  Family courts, circuits.** In the first circuit any judge or judges so designated by the chief justice of the supreme court shall be the judge or judges of the family court of the first circuit. The several judges of the second, third, and fifth circuits, and of any other circuits hereafter created by the legislature, shall, when exercising jurisdiction under this chapter, be judges of the family courts of their respective circuits. In any circuit in which more than one judge is authorized to exercise jurisdiction as judge of the family court, the chief justice of the supreme court shall designate one of the judges as senior judge.

Nothing in this chapter shall be construed to limit the jurisdiction and authority of any circuit judge, designated as judge of a family court, to matters within the scope of this chapter.

**§ 603–21.5  General.** (a) The several circuit courts shall have jurisdiction, except as otherwise expressly provided by statute, of:

(1) Criminal offenses cognizable under the laws of the State, committed within their respective circuits or transferred to them for trial by change of venue from some other circuit court;

(2) Actions for penalties and forfeitures incurred under the laws of the State;

(3) Civil actions and proceedings, in addition to those listed in sections 603–21.6, 603–21.7, and 603–21.8.

(b) The several circuit courts shall have concurrent jurisdiction with the family court over:

(1) Any felony under section 571–14, violation of an order issued pursuant to chapter 586, or a violation of section 709–906 when multiple offenses are charged through complaint or indictment and at least one other offense is a criminal offense under subsection (a)(1);

(2) Any felony under section 571–14 when multiple offenses are charged through complaint or indictment and at least one other offense is a violation of an order issued pursuant to chapter 586, a violation of section 709–906, or a misdemeanor under the jurisdiction of section 604–8;

(3) Any violation of section 711–1106.4; and

(4) Guardianships and related proceedings concerning incapacitated adults pursuant to article V of chapter 560.

## RELEVANT STATUTES

The Hawaii Revised Statutes (HRS) (Supp. 2005) state, in relevant part:

§ 1–6 **Prohibitory law, effect.** Whatever is done in contravention of a prohibitory law is void, although the nullity be not formally directed.

. . . .

§ 571–14(a)(3) **Jurisdiction; adults.** (a) Except as provided in sections 603–21.5 and 604–8, the [family] court shall have exclusive original jurisdiction:

. . . .

(3) In all proceedings under chapter 580, . . . ;

. . . .

§ 572–1 **Requisites of valid marriage contract.** In order to make valid the marriage contract, which shall be only between a man and a woman, it shall be necessary that:

. . . .

(4) Consent of neither party to the marriage has been obtained by force, duress, or fraud;

. . . .

(6) The man and woman to be married in the State shall have duly obtained a license for that purpose from the agent appointed to grant marriage licenses; and

(7) The marriage ceremony be performed in the State by a person or society with a valid license to solemnize marriages and the man and the woman to be married and the person performing the marriage ceremony be all physically present at the same place and time for the marriage ceremony.

. . . .

§ 580–1 **Jurisdiction; hearing.** Exclusive original jurisdiction in matters of annulment, divorce, and separation, subject to section 603–37 as to change of venue, and subject also to appeal according to law, is conferred upon the family court of the circuit in which the applicant has been domiciled or has been physically present for a continuous period of at least three months next preceding the application therefor . . . .

. . . .

§ 580–21 **Grounds for annulment.** The family court, by a decree of nullity, may declare void the marriage contract for any of the following causes, existing at the time of the marriage:

. . . .

(5) That consent to the marriage of the party applying for annulment was obtained by force, duress, or fraud, and there has been no subsequent cohabitation; and

. . . .

§ 632–1 **Jurisdiction; controversies subject to.** In cases of actual controversy, courts of record, within the scope of their respective jurisdictions, shall have power to make binding adjudications of right, whether or not consequential relief is, or at the time could be, claimed, and no action or proceeding shall be open to objection on the ground that a judgment or order merely declaratory of right is prayed for; provided that declaratory relief may not be obtained in any district court, or in any controversy with respect to taxes, or in any case where a divorce or annulment of marriage is sought. Controversies involving the interpretation of deeds, wills, other instruments of writing, statutes, municipal ordinances, and other governmental regulations, may be so determined, and this enumeration does not exclude other instances of actual antagonistic assertion and denial of right.

Relief by declaratory judgment may be granted in civil cases where an actual controversy exists between contending parties, or where the court is satisfied that antagonistic claims are present between the parties involved which indicate imminent and inevitable litigation, or where in any such case the court is satisfied that a party asserts a legal relation, status, right, or privilege in which the party has a concrete interest and that there is a challenge or denial of the asserted relation, status, right, or privilege by an adversary party who also has or asserts a concrete interest therein, and the court is satisfied also that

a declaratory judgment will serve to terminate the uncertainty or controversy giving rise to the proceeding. Where, however, a statute provides a special form of remedy for a specific type of case, that statutory remedy shall be followed; but the mere fact that an actual or threatened controversy is susceptible of relief through a general common law remedy, a remedy equitable in nature, or an extraordinary legal remedy, whether such remedy is recognized or regulated by statute or not, shall not debar a party from the privilege of obtaining a declaratory judgment in any case where the other essentials to such relief are present.

. . . .

**§ 657–20 Extension by fraudulent concealment.** If any person who is liable to any of the actions mentioned in this part or section 663–3, fraudulently conceals the existence of the cause of action or the identity of any person who is liable for the claim from the knowledge of the person entitled to bring the action, the action may be commenced at any time within six years after the person who is entitled to bring the same discovers or should have discovered, the existence of the cause of action or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

## APPELLANT'S ARGUMENT

In this appeal, Appellant asserts, in relevant part, "The Complaint does not seek an annulment of the Subject Marriage"; "the Complaint's Prayer for Relief requested a 'binding declaration by [the Circuit Court] that there is no valid marriage contract with respect to the Subject Marriage because it was procured by force, duress, or fraud, on the part of [Mildred] based upon the Material Misrepresentations in the Application' "; "a declaratory action requesting a binding declaration that there is no valid marriage contract because it was obtained by force, duress, or fraud in violation of [HRS] § 572–1 may be brought in the circuit courts pursuant to [HRS] § 632–1"; "[Mildred's] marriage to [Carl Sr.] was void even without first securing a decree of nullity from the court

because it was performed in contravention of [the predecessor statute to HRS § 572–1]"; and

> [t]he Circuit Court erred in ruling that it lacked subject matter jurisdiction under [HRS] § 632–1 because [HRS] § 1–6 permits it to declare the Subject Marriage void from its beginning without having the Family Court issue a decree of nullity for the same under [HRS] § 580–21. In other words, although the Family Court has exclusive jurisdiction to annul a marriage under [HRS] §[§] 571–14(a)(3) and 580–1, one entered into in violation of the prohibitory provisions of [HRS] § 572–1 need not receive an annulment decree from that Family Court to render it *void ab initio* because [HRS] § 1–6 gives the Circuit Court the authority to declare it so under [HRS] § 632–1.

Appellant, in his opening brief, argues that "**As Early As 1920, [the Hawai'i Supreme Court] Concluded That Marriage Contracts Obtained in Violation Of [HRS] § 572–1 Need Not Receive A Decree Of Nullity From The Family Court To Be Void.**" (Emphasis in the original). Appellant's authority for this statement is *Parke v. Parke*, 25 Haw. 397, 1920 WL 782 (1920), a case where the circuit court, sitting in equity, concluded that the complainant and the deceased had not entered into a common law marriage because their relations were meretricious rather than matrimonial. On appeal, the Hawai'i Supreme Court reversed its precedent validating common law marriages in Hawai'i and concluded that no marriage had occurred because the parties had not obtained a license to marry.

> Appellant asserts that
> [HRS] § 571–14(a)(3) clarifies which matters are within the exclusive original jurisdiction of the family courts, but did not come about until 1965. In that year practitioners were advised that all proceedings brought under [HRS] Chapter 580 concerning annulments, divorces, and separations, must be commenced in the family court. Again, it took over one hundred (100) years from the passage of [the predecessor to HRS § 1–6] for the annulment of a marriage pursuant to [HRS] § 580–21 to

be exclusively within the purview of the family court (or designated courts prior to the establishment thereof). However, since 1920 a marriage contract in violation of [HRS] § 572–1 was void without having to obtain a decree of nullity because of [HRS] § 1–6. See [*Parke,*] 25 Haw. 397.

## DISCUSSION

■ Appellant contends that there is a material difference between (a) a declaration that a purported marriage is void and (b) an annulment of a marriage. We disagree. By definition, an annulment is a declaration that a purported marriage never existed. BLACK'S LAW DICTIONARY (6th ed.1990) at 91.

■ Appellant contends that (1) HRS § 1–6 (1993) and HRS § 572–1 (Supp.2005) authorize the circuit court to declare that a marriage is void; and (2) although HRS §§ 571–14, 580–1, and 580–21 give the family court the exclusive authority to annul a marriage, they have no impact on the circuit court's jurisdiction, under HRS §§ 1–6 and 632–1, to declare a marriage void. We disagree. Prior to the creation of the family court in 1965, HRS § 324–21 specified, in relevant part, that

> [e]xclusive original jurisdiction in matters of annulment, divorce and separation, . . ., is conferred upon the circuit judge or judges severally of the circuit in which the applicant has been domiciled or has been physically present for a continuous period of at least three months next preceding the application therefor.

This is why in *Parke* the circuit court had subject matter jurisdiction. In 1965, Act 232 created the family court and enacted the predecessor to HRS § 571–14(a)(3) which, among other things, gave the family court "exclusive original jurisdiction" in all proceedings under the predecessor to chapter 580. HRS § 580–1 states, in relevant part, that "[e]xclusive original jurisdiction in matters of annulment, divorce, and separation, . . ., is conferred upon the family court[.]" HRS § 580–21 assigns to the family court "exclusive original jurisdiction" to enter decrees of annulment. It follows that the circuit court does not have subject matter jurisdiction to enter decrees of annulment.

■ Appellant asks, "What happens in those situations where there is no valid marriage contract under [HRS] § 572–1, but relief is not available to void the marriage contract under [HRS] § 580–21[?]" He contends that

> the specific provision in [HRS] § 572–1 that applies in this Case mandates that in order to make a valid marriage contract in the State of Hawaii, consent to the same cannot be obtained by force, duress, or fraud. [HRS] § 572–1(4). However, if the parties lived together after the fraudulently induced marriage was performed, that marriage contract could not be annulled. [HRS] § 580–21(5). This is basically what would happen if the Circuit Court's Dismissal Order is left to stand. More importantly, the language of [HRS] § 572–1(4) would be rendered superfluous because no remedy would be available for violation of the same.

In his view, "the only statutory interpretation that would give effect to [HRS] § 572–1(4) and provide a remedy for any violation thereof, would be to view Chapter 632 as providing relief w[h]ere [HRS] § 580–21 could not." In other words, when there has been subsequent cohabitation, the family court cannot, but the circuit court can, declare void a marriage obtained by force, duress, or fraud. We disagree. HRS §§ 572–1, 580–1, and 580–21 must be read together. Only the family court can declare void a marriage obtained by force, duress, or fraud, and it cannot do so where there has been subsequent cohabitation.

## CONCLUSION

Accordingly, we affirm the July 5, 2005 Final Judgment dismissing the complaint.